# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Galina Dvoirin and Jury Kheifetz, w/h

### DEFENDANTS
Costco Wholesale Corporation

**(b)** County of Residence of First Listed Plaintiff: **Montgomery County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **King County, WA**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey R. Lessin, Leffrey R. Lessin & Associates, P.C., 1515 Market St., Ste. 1650, Phila. PA 19102, (215) 599-1400; j.lessin@lessinlaw.com

Attorneys *(If Known)*
Warren F. Sperling, Bennett, Bricklin & Saltzburg LLC, 1500 Market St., 32nd Floor, West Tower, Phila. PA 19102, (215) 665-3334; sperling@bbs-law.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [x] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 448 Education / [ ] 550 Civil Rights |  |  |  |
|  | / [ ] 555 Prison Condition |  |  |  |
|  | / [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§1332, 1441 AND 1446

Brief description of cause:
Personal injury action

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ > $50,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: March 10, 2022

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Gailna Dvoirin and Jury Kheifetz, w/h | : | CIVIL ACTION |
| v. | : | |
| Costco Wholesale Corporation | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| March 10, 2022 | Warren F. Sperling | Defendant |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 665-3334 | (215) 561-6661 | sperling@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __311 Ferris Lane, Doylestown, PA  18901__

Address of Defendant: __999 Lake Drive, Issaquah, WA  98027__

Place of Accident, Incident or Transaction: __740 Upper State Road, North Wales, PA  19454__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [ ] is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __March 10, 2022__   _____[signature]_____   __36676__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[ ] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[X] 6. Other Personal Injury *(Please specify):* __Slip and Fall__
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____   _____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALINA DVOIRIN and JURY KHEIFETZ, w/h : | |
| : | CIVIL ACTION NO. |
| vs. : | |
| : | |
| <u>COSTCO WHOLESALE CORPORATION</u>      : | |

## **<u>NOTICE OF REMOVAL</u>**

AND NOW, comes defendant, Costco Wholesale Corporation, for the purpose only of removing the cause to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, No. 2022-01938.

2. On February 10, 2022, plaintiffs filed their Civil Action Complaint. (See attached true and correct copy of the Complaint marked as Exhibit "A"). The Complaint was served on February 28, 2022.

3. The averments made herein are true and correct with respect to the date and time upon which the Complaint was filed and served, and the date upon which this notice is being filed.

4. This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant, Costco Wholesale Corporation, is a corporation organized under the laws of the State of Washington with their principal place of business at 999 Lake Drive, Issaquah, WA 98027.

5. Defendant, Costco Wholesale Corporation, has simultaneously with the filing of this notice, given written notice to the plaintiffs.

6. Defendant, Costco Wholesale Corporation, is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Montgomery County.

7. The Complaint asserts claims against the defendant, Costco Wholesale Corporation, for personal injuries allegedly sustained in an incident that occurred on September 16, 2020, at the Costco Warehouse located at 740 Upper State Road, North Wales, PA 19454.

8. Defendant, Costco Wholesale Corporation, seeks to remove this matter to the United State District Court for the Eastern District of Pennsylvania. Defendant, Costco Wholesale Corporation, asserts that the amount in controversy in this matter exceeds $75,000. As the moving party, defendant, Costco Wholesale Corporation, bears the burden of proving that jurisdiction is proper in federal court. Russ vs. State Farm Mutual Automobile Insurance Company, 961 F.Supp. 808, 810 (E.D. Pa. 1997).

9. In determining whether the jurisdiction amount has been satisfied, the Court must first look at the complaint. Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3rd Circ. 1993).

10. The underlying lawsuit demands an amount "in excess of the amount for compulsory arbitration" (which is currently $50,000). Plaintiffs allege that plaintiff, Galina Dvoirin, suffered severe and permanent injuries, including but not limited to: tear of the meniscus of the right knee; contusion, sprain and strain of the right knee; left knee contusion, sprain and strain superimposed on previously asymptomatic degenerative disease; lumbar sprain and strain; painful traumatic injury to the left wrist; anxiety; and severe shock to the nerves and nervous system. Plaintiff, Galina Dvoirin, was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future. The complaint also asserts that the plaintiff has spent unspecified amounts for medicine and medical care.

11. Plaintiffs have declined to stipulate to limit their damages to $75,000 in order to avoid the jurisdiction of this Court, as confirmed in an email exchange with Mark Richter, Esquire on March 10, 2022.

**WHEREFORE,** defendant, Costco Wholesale Corporation, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____
WARREN F. SPERLING, ESQUIRE
Attorney I.D. #36676
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 561-4300
Email: sperling@bbs-law.com
Attorney for Defendant,
Costco Wholesale Corporation

Date:   March 10, 2022

## IN THE UNITED STATES DISTRICT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GALINA DVOIRIN and JURY KHEIFETZ, w/h | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | |
| <u>COSTCO WHOLESALE CORPORATION</u> | : | |

### **<u>NOTICE</u>**

To: Jeffrey R. Lessin, Esquire
Jeffrey R. Lessin & Associates, P.C.
1515 Market Street, Suite 1650
Philadelphia, PA 19102

Please take notice that defendant, Costco Wholesale Corporation, has filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania removing to that Court a civil action previously pending in the Court of Common Pleas of Montgomery County, entitled, <u>Galina Dvoirin and Jury Kheifetz, w/h v. Costco Wholesale Corporation</u>, No. 2022-01938.

                                        **BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____
WARREN F. SPERLING, ESQUIRE
Attorney I.D. #36676
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 561-4300
Email: sperling@bbs-law.com
Attorney for Defendant,
Costco Wholesale Corporation

Date:   March 10, 2022

IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GALINA DVOIRIN and JURY KHEIFETZ, w/h : | |
| : | CIVIL ACTION NO. |
| vs. : | |
| : | |
| COSTCO WHOLESALE CORPORATION    : | |

**PROOF OF FILING**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : |
| COUNTY OF PHILADELPHIA | : |

Warren F. Sperling, being duly sworn according to law, deposes and says that he is a member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Costco Wholesale Corporation.

That he did direct the filing with the Prothonotary of the Court of Common Pleas of Montgomery County, a copy of the Notice of Removal, attached hereto, said filing to be made on March 10, 2022.

                                               **BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____
                          WARREN F. SPERLING, ESQUIRE
                          Attorney I.D. #36676
                          Centre Square, West Tower
                          1500 Market Street, 32nd Floor
                          Philadelphia, PA 19102
                          (215) 561-4300
                          Email: sperling@bbs-law.com
                          Attorney for Defendant,
                          Costco Wholesale Corporation

IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

GALINA DVOIRIN and JURY KHEIFETZ, w/h    :
                                                            :   CIVIL ACTION NO.
        vs.                                                :
                                                            :
COSTCO WHOLESALE CORPORATION           :

**PROOF OF SERVICE**

COMMONWEALTH OF PENNSYLVANIA        :
                                                                 :
COUNTY OF PHILADELPHIA                          :

Warren F. Sperling, being duly sworn according to law, deposes and says that he is a member in the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Costco Wholesale Corporation, and that he did serve this 10th day of March, 2022, the aforementioned notice to plaintiffs upon the individual named below by electronic notification by the Court or depositing a copy of same in the United States first class mail, postage prepaid, enclosed in envelope plainly addressed to:

Jeffrey R. Lessin, Esquire
Jeffrey R. Lessin & Associates, P.C.
1515 Market Street, Suite 1650
Philadelphia, PA 19102

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _____
WARREN F. SPERLING, ESQUIRE
Attorney I.D. #36676
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 561-4300
Email: sperling@bbs-law.com
Attorney for Defendant,
Costco Wholesale Corporation

# Exhibit "A"

Case 2:22-cv-00920-KSM   Document 1   Filed 03/10/22   Page 11 of 17

Case# 2022-01938-0 Docketed at Montgomery County Prothonotary on 02/10/2022 8:51 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| JEFFREY R. LESSIN & ASSOCIATES, P.C.<br>BY: JEFFREY R. LESSIN, ESQUIRE<br>I.D. #43801<br>BY: MARK T. RICHTER, ESQUIRE<br>I.D. #45195<br>1515 MARKET STREET, STE. 1650<br>PHILADELPHIA, PA 19102<br>(215)-599-1400 | THIS IS A MAJOR CASE<br>Assessment of Damages<br>Hearing is Required<br>JURY TRIAL DEMANDED<br><br><u>ATTORNEYS FOR PLAINTIFFS</u> |
| GALINA DVOIRIN and<br>JURY KHEIFETZ, w/h<br>311 Ferris Lane<br>Doylestown, PA 18901<br>    vs.<br>COSTCO WHOLESALE CORPORATION<br>740 Upper State Road<br>North Wales, PA 19454 | : COURT OF COMMON PLEAS OF<br>:<br>: MONTGOMERY COUNTY<br>:<br>:<br>:<br>: NO.<br>: |

## CIVIL ACTION - COMPLAINT - NOTICE TO DEFEND

### PREMISES LIABILITY

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Montgomery County Bar Association
Lawyer Referral and Information Service
100 W. Airy St., Norristown, PA 19401
(610)279-9660

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Liceneados de Montgomery County
Servicio de Referencia e Informacion Legal
100 W. Airy St., Norristown, PA 19401
(610)279-9660

13

## CIVIL ACTION - COMPLAINT

1. Plaintiffs, **GALINA DVOIRIN** and **JURY KHEIFETZ**, are adult individuals, wife and husband, who reside together at 311 Ferris Lane, Doylestown, PA 18901.

2. Defendant, **COSTCO WHOLESALE CORP.** (hereinafter referenced as "Defendant **COSTCO**"), is a corporation or other business entity which has a place of business located at 740 Upper State Road, North Wales, PA 19454, and which regularly conducts business in Montgomery County, PA.

3. At all times relevant hereto, Defendant **COSTCO** owned or leased, possessed, occupied, and managed the building located at 740 Upper State Road, North Wales, PA 19454 (hereinafter referenced as "Premises").and operated a business commonly known as Costco Wholesale at the Premises.

4. At all times relevant hereto, Plaintiff **GALINA DVOIRIN** was a business invitee in the Premises to whom Defendant **COSTCO** owed the highest duty of care.

5. At all times relevant hereto, Defendant **COSTCO** acted by and through its authorized agents, servants, workmen and/or employees, all acting within the course and scope of their agency and/or employment with Defendant **COSTCO**.

6. On September 16, 2020, Plaintiff **GALINA DVOIRIN** was lawfully present in the Premises when she slipped, stumbled, and fell because she had stepped onto an accumulation of a slippery gel-like substance on the floor of the Premises in the vicinity of the check-out area. The fall caused Plaintiff **GALINA DVOIRIN** to suffer serious injuries (more fully hereinafter described).

2

Case# 2022-01938-0 Docketed at Montgomery County Prothonotary on 02/10/2022 8:51 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14

Case# 2022-01938-0 Docketed at Montgomery County Prothonotary on 02/10/2022 8:51 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7. The gel-like substance on the floor of the Premises was a defective condition which rendered the Premises unsafe, and which posed a great risk to business invitees. The defective condition was a danger, menace, nuisance, trap and/or hazard to persons lawfully in the vicinity of the said defective condition.

8. Defendant **COSTCO** exclusively owned, operated, maintained, possessed, controlled and/or managed the Premises where Plaintiff **GALINA DVOIRIN** was injured.

9. The defective condition of the Premises was created by Defendant **COSTO**, or it had existed for a considerable time prior to Plaintiff **GALINA DVOIRIN**'s fall, such that Defendant **COSTCO** had either actual and/or constructive notice of the defective condition.

10. Defendant **COSTCO** had a duty to correct, remedy, repair, warn about, and/or eliminate the said defective condition.

### COUNT I
### GALINA DVOIRIN vs. COSTCO WHOLESALE CORPORATION
### Negligence

11. Plaintiff **GALINA DVOIRIN** hereby incorporates paragraphs one (1) through ten (10) above by reference, as fully as though they were set forth here at length.

12. Defendant **COSTCO** was careless and negligent and it breached the duty of care that it owed to Plaintiff **GALINA DVOIRIN**.

13. The carelesness and negligence of Defendant **COSTCO** consisted of the following acts and or omissions:

   a. Creating a dangerous and defective condition in the Premises;

3

b. Failing to properly and adequately inspect the walking surface in the Premises;

c. Failing to warn business invitees of the defective condition of which Defendant was aware or should have been aware;

d. Failing to select and hire competent employees and/or contractors to maintain, clean, and/or repair the walking surface in the Premises;

e. Failing to take necessary action to safeguard invitees lawfully upon the Premises and to prevent them from falling;

f. Allowing the aforesaid defective condition to continue to exist, so as to constitute a menace, danger, nuisance, trap and/or hazard to invitees lawfully walking in the Premises; and,

g. Failing to maintain the walking surfaces in the Premises in a reasonable manner.

14. As a direct result of the aforesaid negligence of Defendant **COSTCO** as above averred, Plaintiff **GALINA DVOIRIN** suffered severe and permanent injuries, including but not limited to: tear of the meniscus of the right knee; contusion, sprain and strain of the right knee; left knee contusion, sprain and strain superimposed on previously asymptomatic degenerative disease; lumbar sprain and strain; painful traumatic injury to the left wrist; anxiety; and severe shock to the nerves and nervous system. Plaintiff **GALINA DVOIRIN** was or may have been otherwise injured, whereby Plaintiff has suffered and may continue to suffer in the future.

4

15. As a direct result of the aforesaid negligence of Defendant **COSTCO**, Plaintiff **GALINA DVOIRIN** has in the past, and will in the future, undergo severe pain and suffering.

16. Plaintiff **GALINA DVOIRIN** believes and therefore avers that her injuries are serious and permanent in nature.

17. As a direct result of the aforesaid occurrence, Plaintiff **GALINA DVOIRIN** has been compelled, in order to effectuate a cure for her aforesaid injuries, to expend sums of money for medicine and medical attention, and she may be required to expend additional sums for the same purposes in the future.

18. As a direct result of the aforesaid occurrence, Plaintiff **GALINA DVOIRIN** has been prevented from attending to her usual activities and duties, and may be so prevented for an indefinite time in the future, all to her great detriment and loss.

19. As a direct result of the aforesaid occurrence, Plaintiff **GALINA DVOIRIN** has suffered physical pain and mental anguish and humiliation and she may continue to suffer the same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff **GALINA DVOIRIN** demands damages of Defendant, **COSTCO WHOLESALE CORPORATION**, in a sum in excess of **FIFTY THOUSAND ($50,000.00) DOLLARS** plus costs.

### COUNT II
### JURY KHEIFETZ vs. COSTCO WHOLESALE CORPORATION
### Loss of Consortium

20. Plaintiff **JURY KHEIFETZ** hereby incorporates paragraphs one (1) through nineteen (19) above by reference, as fully as though they were set forth here at length.

21. Plaintiff **JURY KHEIFETZ** is the husband of Plaintiff **GALINA DVOIRIN**, and, as such, has incurred expenses for the treatment of his wife's injuries and may in the future be caused to incur additional expenses as he has in the past.

22. As a direct result of the aforesaid occurrence, Plaintiff **JURY KHEIFETZ**, to his great damage and loss, has been deprived of the society, companionship, services and assistance of his wife to which he is legally entitled.

**WHEREFORE**, Plaintiff **JURY KHEIFETZ** demands damages of Defendant, **COSTCO WHOLESALE CORPORATION**, in a sum in excess of **FIFTY THOUSAND ($50,000.00) DOLLARS** plus costs.

JEFFREY R. LESSIN & ASSOCIATES, P.C.

BY: *Jeffrey R. Lessin*

JEFFREY R. LESSIN, ESQUIRE
TY P. RYAN, ESQUIRE
**Attorneys for Plaintiffs**

6

## ATTORNEY'S VERIFICATION

Jeffrey R. Lessin, Esquire, attorney for Plaintiffs, Galina Dvoirin and Jury Kheifetz, w/h, state that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
JEFFREY R. LESSIN, ESQUIRE
ATTORNEY FOR PLAINTIFFS

Case# 2022-01938-0 Docketed at Montgomery County Prothonotary on 02/10/2022 8:51 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

19